**Not For Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN MALCOLM, | : |
| Petitioner, | : Civil Action No. 17-6339 (ES) |
| v. | : |
| STATE OF NEW JERSEY, | : MEMORANDUM ORDER |
| Respondent. | : |

**SALAS, DISTRICT JUDGE**

IT APPEARING THAT:

1. This matter is before the Court on the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Sean Malcolm ("Petitioner"). (D.E. No. 1).

2. On October 20, 2017, the Court entered an order requiring Petitioner to submit an amended petition which clearly identified all of the habeas claims he wishes to raise before this Court. (D.E. No. 2). The Court noted that if Petitioner failed to comply with the Order, the Court would adjudicate only those claims which complied with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. (*Id.*). Petitioner requested an additional 30 days to comply with that Order, which the Court granted. (D.E. No. 4).

3. Petitioner then filed a letter requesting that:

> the current "11/22117 ORDER" for 30 day extension to Amend Habeas Petition before Hon. Judge Esther Salas, placed on Administrative Hold, until my current appeal before the New Jersey Appellate Court can be ruled on.

> This ruling will have effect upon my Habeas Corpus Petition, and therefore I have been advised to request the aforementioned Administrative Hold - pending outcome of Appellate proceedings currently before the Court.

(D.E. No. 5).

4. The Court assumed that Petitioner was seeking to stay his Petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). However, because Petitioner failed to submit an amended petition which clearly identified his federal habeas claims and the supporting facts, as previously ordered, and failed to provide sufficient information to entitle him to a stay, the Court denied his request without prejudice. (D.E. No. 6). The Court gave Petitioner 30 days to file an amended petition that clearly identifies all federal grounds for habeas relief and any supporting facts. (*Id.*). If any of the claims contained in the amended petition are unexhausted, Petitioner was advised that he must also file a motion for a stay. (*Id.*).

5. In response, Petitioner did not file an amended petition or a motion for a stay. Instead, he submitted a letter from his attorney in his state court proceeding which confirms that he has a motion pending in state court to remand his matter for re-sentencing. (D.E. No. 7).

6. However, this letter does not comply with this Court's previous Order requiring that Petitioner submit an amended petition which clearly identifies his federal habeas claims and the supporting facts. Nor does it attempt to comply with the requirements of *Rhines* when seeking a stay, i.e., that petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

7. As explained previously, the Court is unclear as to the exact federal habeas claims Petitioner wishes to raise here; that is why the Court required Petitioner to submit an amended

2

petition which clearly identifies the claims and facts supporting those claims. In that same vein, the Court is unable to determine whether any of the claims are unexhausted and potentially meritorious. Petitioner has also failed to give any reason for his failure to exhaust.

8. Based on his pro se status, the Court will give Petitioner a final opportunity to file an amended petition which clearly identifies all federal grounds for habeas relief and any supporting facts. If any of the claims contained in the amended petition are unexhausted, Petitioner must also file a motion for a stay which shows that his unexhausted claims are potentially meritorious; that he has good cause for failing to exhaust; and the absence of intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

**IT IS** therefore on this 20th day of April 2018,

**ORDERED** that within 30 days of the date of this Order, Petitioner must submit an amended petition which clearly identifies all of his grounds for federal habeas relief, as well as the facts supporting each ground; if any of the claims contained in the amended petition are unexhausted, Petitioner must also file a motion for a stay; if Petitioner fails to submit an amended petition, the Court will only adjudicate those claims in the original Petition which comply with Rule 2; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**