**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN MALCOLM, | : |
| Petitioner | : |
| v. | : Civil Action No. 17-6339 (ES) |
| STATE OF NEW JERSEY, et al., | : |
| Defendants | : OPINION |

**SALAS, District Judge**

Before the Court is a Motion for Stay and Abeyance filed by Sean Malcolm ("Petitioner"). (D.E. No. 9). The Court has considered Petitioner's submission and decides the matter without oral argument under Local Civil Rule 78.1(b). For the following reasons, the Court DENIES Petitioner's motion.

**I.     Background**

On or about August 21, 2017, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. No. 1). On December 22, 2017, Petitioner filed a letter with the Court (D.E. No. 5), stating:

> 11/22/17 ORDER for 30 day extension to Amend Habeas Petition before Hon. Judge Esther Salas, placed on Administrative Hold, until my current appeal before the New Jersey Appellate Court can be ruled on. This ruling will have effect upon my Habeas Corpus Petition, and therefore I have been advised to request the aforementioned Administrative Hold- pending outcome of Appellate proceedings currently before the Court.

The Court construed Petitioner's letter as a request to stay the habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); and the Court denied Petitioner's request for a stay, as he

had not identified which claims he was raising in his petition nor had he identified which claims he was seeking to exhaust and his reasons for failure to exhaust. (*See* D.E. No. 6 at 2-3).

The Court also ordered Petitioner to file an amended petition that clearly identifies all of the grounds for federal habeas relief as well as a motion for a stay. (*Id.* at 3).

## II.     Legal Standard:  Habeas Corpus Exhaustion Requirement

In order to obtain federal habeas corpus relief, a state prisoner must satisfy the standards prescribed by 28 U.S.C. § 2254(a) & (b), which provide:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the Untied States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>  (A)    the applicant has exhausted the remedies available in the court of the State . . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State.

Habeas relief will typically only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or when those proceedings were completely inconsistent with rudimentary demands of fair procedure. *See, e.g.*, *Reed v. Farley*, 512 U.S. 339, 354 (1994). So claimed violations of state law, standing alone, will not entitle a petitioner to Section 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. *See Priester v. Vaughan*, 382 F.3d 401-02 (3d Cir. 2004). Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific and precise procedural standards. Among these procedural

2

prerequisites is a requirement that the petitioner "exhaust[] the remedies available in the state courts of the State" before seeking relief in federal court. *See* 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies: A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c) (emphasis added). In instances where a state prisoner has failed to exhaust the legal remedies available to him in state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for Section 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). *See Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Since *Crews*, the Supreme Court has limited the stay-and-abeyance rule:

> Stay and abeyance should be available only in limited circumstances
> . . . .
> Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78 (citations omitted).

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of *Rhines*," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in *Rhines*, which cautions that . . . [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner. . . .'" *Locust v. Ricci*, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (citations omitted).

## III. Analysis

Here, Petitioner argues that a stay is necessary so that he can "complet[e] a State Court Exhaustion on some of the meritorious issues." (D.E. No. 9-1 at 3). Further, he submits: "I had expressed various times given my medical condition and access to the Law Library was causing me problems with trying to file a meritorious Writ of Habeas Corpus . . . ." (*Id.* at 2).

Petitioner has not identified which claims need to be exhausted in state court. *See, e.g.*, *id.* Nor has he identified which claims he is raising in his federal habeas petition, as he was ordered to do by the Court in its previous order. (*See* D.E. No. 8). Hence, as the Court now explains, Petitioner does not comply with Habeas Corpus Rule 2(c). *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) ("A prime purpose of Rule 2(c)'s demand that habeas petitioner's plead with particularity is to assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted" or the petition instead should be summarily dismissed without ordering a responsive pleading.) (cleaned up).

28 U.S.C. § 2254, Habeas Rule 2(c), provides that a petitioner "must"

    (1) specify all the grounds for relief available to the petitioner;

    (2) state the facts supporting each ground;

    (3) state the relied requested;

4

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury.

But the Court cannot decipher the precise nature of Petitioner's claims in accordance with Rile 2(c). (*See, e.g.*, D.E. No. 9-1 at 3). Petitioner simply alludes to several attached documents with no further explanation throughout his petition. (*See, e.g.*, *id.*).

Additionally, Petitioner has not provided any reasons why he was not able to exhaust his state remedies. Petitioner could have avoided dismissal, and obtained a stay of these federal proceedings, only if he satisfied "the three requirements for stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentional dilatory litigation tactics." *See Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009). He failed to do so. *See id.*

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion for a Stay and Abeyance. The Court grants 45 days in which to file an amended petition, but failure to file an amended petition that complies with the foregoing requirements may result in dismissal.

An appropriate Order accompanies this Opinion.

<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**